

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

    -against-

R. LINDLEY DE VECCHIO,

    Defendant.
------------------------------------------------------x

**ERRATA**
Case No. 06-CR-235 (FB)

**BLOCK, Senior District Judge:**

The Court's Memorandum and Order of January 9, 2007, contains the following errata:

1. On pages 6-7:

    > Grover's affidavit also includes, as an exhibit, DeVecchio's CI file on DeVecchio; the file, which covers the period from June 26, 1980, to November 17, 1992, consists of memoranda summarizing the information provided by Scarpa to DeVecchio (i.e., "[Scarpa] advised [DeVecchio] that . . . ").

    The sentence should read:

    > Grover's affidavit also includes, as an exhibit, DeVecchio's CI file on <u>Scarpa</u>; the file, which covers the period from June 26, 1980, to November 17, 1992, consists of memoranda summarizing the information provided by Scarpa to DeVecchio (i.e., "[Scarpa] advised [DeVecchio] that . . . ").

2. On page 20:

    > Each of these cases, therefore, makes clear that immunity does not attach merely because state criminal prosecutions are based upon acts that happen during the scope of a federal officer's employment. See *Ivory*, 906 F.2d at 1003 (criticizing dissent for "relapsing into the same 'scope of employment' test for removal of state prosecutions which was explicitly rejected by the Supreme Court in *Mesa*"); rather . . . .

The sentence should read:

> Each of these cases, therefore, makes clear that immunity does not attach merely because state criminal prosecutions are based upon acts that happen during the scope of a federal officer's employment, *see* Ivory, 906 F.2d at 1003 (criticizing dissent for "relapsing into the same 'scope of employment' test for removal of state prosecutions which was explicitly rejected by the Supreme Court in *Mesa*"); rather . . . .

3. On page 22:

> In support of its conclusion, it viewed the right of removal "to be broadly construed, " *id.* at 576; *see Symes*, 286 U.S. at 517 ("It scarcely need be said that measures [afforded by the removal statute] are to be liberally construed to give full effect to the purposes for which they were enacted.").

The sentence should read:

> In support of its conclusion, it viewed the right of removal "to be broadly construed." *Id.* at 576; *see also Symes*, 286 U.S. at 517 ("It scarcely need be said that measures [afforded by the removal statute] are to be liberally construed to give full effect to the purposes for which they were enacted.").

4. On page 26:

> If not for the unique nature of this case growing out of the establishment of a special relationship between a federal agent, whose duties required embroiling himself in the underbelly of the criminal world, and a notorious and dangerous mafioso turncoat, there would be no question, barring an exception to the requirement of a colorable federal defense, that a federal officer who, by traverse, disassociated himself from any involvement with, or knowledge of any facts, underlying state-law murder charges would have to be tried in state court.

The sentence should read:

> Therefore, if not for the unique nature of this case growing out of the establishment of a special relationship between a federal agent, whose duties required embroiling himself in the

underbelly of the criminal world, and a notorious and dangerous mafioso turncoat, there would be no question, barring an exception to the requirement of a colorable federal defense, that a federal officer who, by traverse, disassociated himself from any involvement with, or knowledge of any facts, underlying state-law murder charges would have to be tried in state court.

5. On page 27:

> At the Court's prodding, DeVecchio's thereafter responded by submitting his affidavit explaining that the agent "is always concerned about maintaining the trust of his source," that "[a]ny special agent who handles a confidential source did so (and still does so) in a highly sensitive and clandestine way," and that "[t]he FBI encourages these clandestine relationships because the information derived from these sources is the lifeblood of its investigatory activity."

The sentence should read:

> At the Court's prodding, <u>DeVecchio</u> thereafter responded by submitting his affidavit explaining that the agent "is always concerned about maintaining the trust of his source," that "[a]ny special agent who handles a confidential source did so (and still does so) in a highly sensitive and clandestine way," and that "[t]he FBI encourages these clandestine relationships because the information derived from these sources is the lifeblood of its investigatory activity."

**SO ORDERED.**

                                        FREDERIC BLOCK
                                        Senior United States District Judge

Brooklyn, New York
January 11, 2007